PRIGMORE v. E. T., VA. & GA. R. R. Co.

PLEA OF STATUTE OF LIMITATIONS. *Burden of proof.* Where issue is joined on a plea of the statute of limitations, the burden of proof is on the plaintiff to show that the cause of action occurred within the period of limitations.

FROM MONROE.

Appeal in error from the Circuit Court of Monroe county. E. T. HALL, J.

HARBISON, STEVENS & McCROSKEY for Prigmore.

BROWN for R. R. Co.

COOPER, J., delivered the opinion of the court.

Action for damages sustained by the plaintiff while in the employ of the defendant. The defendant relied on the plea of the statute of limitations, and the court charged the jury that the burden of proof was on the plaintiff to show that the injury complained of occurred within the period of limitation. The jury found for the defendant, and the plaintiff appealed.

The counsel of the plaintiff in error concedes, and properly, that the burden of proof is on the party having the affirmative of the issue. The plea of the statute of limitations not being a denial of the matter of declaration, concludes, according to the old forms, with a verification. *Overton* v. *Crabb,* 4 Hay., 109. The replication, in a case like the present, must be that the cause of action did accrue within the period of limitation, and concludes to the contrary. 3 Chitty Pl., 1160. The affirmative of the issue is, therefore, on the plaintiff, and there is no error in the judgment, which must be affirmed.