Unicoi County *et al. v.* Barnett.

(*Knoxville*, September Term, 1944.)

Opinion filed October 14, 1944.

WILLARD GARLAND and L. H. ALLRED, both of Erwin, for defendant-plaintiff in error.

GUINN & MITCHELL, of Johnson City, for plaintiff-defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought against Unicoi County by a landowner to recover for damages to her property in consequence of the construction of a highway. There was a judgment in favor of plaintiff below which was affirmed by the Court of Appeals and the County has filed a petition for *certiorari*.

The declaration avers that by reason of certain construction of the highway water was caused to overflow plaintiff's land and the injury was thus inflicted. It is averred, "The defendant commenced to build a road in front of her property and in so doing they erected a barrier, etc., etc.," which resulted in the overflow. In another portion of the declaration it is alleged that defendant created a nuisance and it was liable to plaintiff for the injury ensuing.

From the declaration it is therefore difficult to tell whether the plaintiff was attempting to recover as for damages resulting from the exercise of the power of eminent domain or for damages resulting from a nuisance. Evidence heard in the case was not preserved by a bill of exceptions and it is accordingly not apparent upon what

theory the case was tried below. The Court of Appeals has assumed that damages were sought as resulting from the taking of plaintiff's land by expropriation. This assumption we follow since there can be no recovery against the County for the negligence of its employees. *Chandler* v. *Davidson County*, 142 Tenn., 265, 218 S. W., 222, which might have sustained recovery on the nuisance theory, has been expressly overruled in *Buckholtz* v. *Hamilton County*, 180 Tenn., 263, 174 S. W. (2d), 455.

▮ The plaintiff below has filed no petition for *certiorari* to review the action of the Court of Appeals and we cannot therefore consider certain matters which we are invited to determine in the reply brief filed by the plaintiff in this case.

▮ The County concedes that prior to Chapter 75 of the Public Acts of 1931 it would have been primarily liable for damages resulting from the taking of property for a State highway. *Marion County* v. *Tydings*, 169 Tenn., 286, 86 S. W. (2d), 565. It is insisted, however, that the Act of 1931 mentioned prescribes a remedy that may be pursued by the landowner directly against the State in these cases.

This Act of 1931 is an Act creating a Board of Claims vested with the power and authority to settle claims for damages sustained to persons and/or property as the result of negligence in the maintenance and/or construction of State highways.

Doubtless the landowner here might have sought recovery before the Board of Claims. We think, however, that this is not an exclusive remedy, but is cumulative. The Act of 1931 could only be held as providing an exclusive remedy if it was further held that it repealed by implication previous laws reviewed in *Marion County* v. *Tydings, supra.*. See Code, Sec. 3208.

568

■ It is familiar principle that repeals by implication are not favored and will not be presumed unless there is an irreconcilable conflict between the later laws and the earlier laws. No such conflict exists here. If the landowner so desires he may prosecute his claim before the Board of Claims. There is nothing in Chapter 75 of the Acts of 1931, however, indicating an intention on the part of the Legislature to deprive the landowner of his right to pursue his remedy against the County in the courts and have a jury trial.

We see no error in the judgment of the Court of Appeals and the County's petition for *certiorari* is denied.