HOLLERS *et al. v.* CAMPBELL COUNTY.

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

BOYCE GRIFFITH, of LaFollette, for plaintiff.

HARRY B. BROWN, of Jellico, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The plaintiffs appeal from a judgment of the trial court sustaining a demurrer and dismissing the suit.

The plaintiffs sued Campbell County for damages for changing and raising the grade of a pike near their property, causing water flowing and draining on said pike to flow on their property washing some of the surface away and causing the soil to be damp and soggy. Plaintiffs claim that said acts on the part of the county cause the waters falling on said pike and draining thereon to change their natural and regular course of flow and cause the said waters falling and accumulating and draining on this pike to drain and flow on to the property of the plaintiffs in great quantities; that the plaintiffs maintain their home on said realty, which they claim, before said wrongs, was a valuable piece of property. Plaintiffs further claim that the waters which the defendant has wrongfully diverted on the plaintiffs' property has washed away the surface of some of the soil and has made it unhealthful and that said flood waters have already caused a permanent decrease in the value of plaintiffs' property.

The grounds for demurrer were that the county was not liable for the torts of its officials; that the construction and maintenance of roads is a governmental function delegated by the state and that the plaintiffs' declaration does not proceed on the theory that the defendant has taken any of the plaintiffs' property.

The trial judge in his memorandum in this case states: ''In view of the fact the plaintiffs are proceeding on the theory of a nuisance, it is believed that *Odil* v. *Maury County,* 175 Tenn. 550, 136 S. W. (2d) 500, and *Buckholtz* v. *Hamilton County,* 180 Tenn. 263, 174 S. W. (2d) 455, are controlling on this point and defendant is not liable on this theory.''

We are of the opinion that the cases relied upon by the trial court do not fit the averments in the declaration.

We think that the declaration sets out facts which amount to a taking of the plaintiffs' property. Sec. 1, Art. 1 of the Constitution of Tennessee.

The county, in doing the work complained of, took possession of the property and the plaintiffs' remedy is under Code Section 3132 which provides that where property has been taken, the owner shall have one year in which to sue for damages, as was done in the present case. It is true that the county is not liable for its negligence but is liable where a property right has been taken without compensation.

It was held in *Knox County* v. *Lemarr,* 20 Tenn. App. 258, 97 'S. W. (2d) 659, that the county is liable to abutting landowners for destruction or impairment of owner's right of ingress and egress in construction of street or road.

In *Barron* v. *Memphis,* 113 Tenn. 89, 80 S. W. 832, the plaintiff proceeded on trespass. The court sustained the declaration on the ground that it alleged a taking.

The Court said in that case, in speaking of Section 21, Article 1 of our Constitution, which provides that no man's property shall be taken or applied to public use . . . without just compensation: ''To put this provision in operation, it is not essential that there should be an actual appropriation of the property taken to the public use. 'It is enough if any right of the owner respecting the thing owned be impaired so that he cannot apply the thing to all the uses of which it was formerly capable.' Taylor on Corporations, sec. 173.''

In *Pumpelly* v. *Green Bay & Miss. Canal Co.,* 13 Wall. 166, 20 L. Ed. 557, the Supreme Court of the United States said: ''It would be a very curious and unsatisfactory result if, in construing a provision of constitutional law,

. . . it shall be held that, if the government refrains from the absolute conversion of real property to the uses of the public it can destroy its value entirely; can inflict irreparable and permanent injury to any extent; can, in effect, subject it to total destruction—without making any compensation, because in the narrowest sense of that word it is not taken for public use. Such a construction would pervert the constitutional provision into a restriction upon the rights of the citizen, as these stood at common law, instead of the government, and making it an authority for invasion of private right under the pretext of the public good.''

In this connection, see *Hamilton County* v. *Rape,* 101 Tenn. 222, 47 S. W. 416; *Morgan County* v. *Goans,* 138 Tenn. 381, 198 S. W. 69, 5 A. L. R. 198; *Unicoi County* v. *Barnett,* 181 Tenn. 565, 182 S. W. (2d) 865; *Central Realty Co.* v. *City of Chattanooga,* 169 Tenn. 525, 89 S. W. (2d) 346.

The averments of the declaration in the present case bring it out of the holdings announced in *Buckholtz* v. *Hamilton County,* supra, *Odil* v. *Maury County,* supra, and *Fryar* v. *Hamilton County,* 160 Tenn. 216, 218, 22 S. W. (2d) 353.

It results that the judgment of the lower court must be reversed and the case remanded for further proceedings.

All concur.