## MORGAN COUNTY v. NEFF.—256 S. W. (2d) 61.

Eastern Section.   November 19, 1952.

Petition for Certiorari denied by Supreme Court, February 6, 1953.

Geo. W. Dagley, of Wartburg, for plaintiff in error.

J. H. McCartt and S. H. Justice, both of Wartburg, for defendant in error.

McAMIS, J.   This appeal by Morgan County is from a judgment for $5,000.00 recovered by Mrs. Julia Stonecifer Neff for the loss of ingress to a farm fronting on State Highway 62 in Morgan County.   The judgment is based upon a jury verdict on a charge as to which there is no complaint.

The principal contention of the County is that the court should have directed a verdict in its favor because the undisputed evidence shows that plaintiff's suit is one to recover for a taking of her property by right of eminent domain and suit was not brought within one year after the taking as required by Code Section 3132, providing that where land has been taken for purposes of internal improvements without condemnation proceedings the owner shall "commence proceedings within

twelve months after the land has been actually taken possession of, and the work of the proposed * * * improvement begun * * *.''

On January 3, 1950, plaintiff executed a right of way deed to Morgan County conveying a strip of land 145 feet in width along the entire front of her farm, a distance of approximately 900 feet. We quote the material part of the deed:

''This conveyance is made in consideration of the sum of $600.80 cash in hand paid, the receipt of which is hereby acknowledged· and said sum is in full payment for above described right-of-way and all damages which may be done to the remainder of said land by the construction of a highway upon said right-of-way.''

The record shows that work was begun on the highway at a point some distance from plaintiff's farm in the spring of 1950 and that this suit was instituted on September 18, 1951. By its terms the statute begins to run when the land is expropriated and not from the completion of the improvement.

Plaintiff testified that she executed the right of way deed without seeing a construction map and without any thought that her property would be completely cut off from the highway; that, in order to eliminate two highway bridges over Bear Creek, the course of the Creek was changed to run along the side of the highway adjoining her property in an artifical channel 16 to 20 feet wide at the bottom and 30 to 40 feet wide at the top and ranging in depth from 6 feet on the front to 15 feet on the property side; that the County promised to bridge the channel and that she brought this suit when the contractor moved away without doing so. There is other proof, undisputed, that it is customary for the State to

build bridges and approaches to private property where the grading of a highway cuts off existing approaches.

Plaintiff's testimony as to when the contractor actually entered upon the right of way in front of her property and began to cut the channel is lacking in clarity. At one point she testified that work on the channel did not begin until the summer of 1951. At another point she testified that work began on the grading in the summer of 1950 but that it "was a long time" before the contractor reached her property and that she brought suit when the contractor moved away and it developed that no bridge or other approach would be provided.

We do not regard as decisive the date when the contractor began the construction of the channel. Possession or the right of possession of the right of way passed from plaintiff to the County on January 3, 1950, the date of the deed. Obviously, the statute did not begin to run on that date because if it did plaintiff's right of action could have been cut off before she sustained any injury. A contrary construction and application of the statute would raise grave questions as to its constitutionality. Possession, it will be remembered, had already passed to the County when the contractor began to dig the channel. Plaintiff had no right to protest the construction of the channel at least not until it developed that her right of ingress and egress was being impaired or destroyed without any substitute being provided as promised. The County's use of the right of way was not hostile and no injury which would sustain a right of action resulted until that occurred.

■ Code Sections 3131 and 3132 giving a right of action for lands appropriated without condemnation and fixing the period of time within which suit must be brought do not seem to contemplate a change of grade such as

applies under Code Section 3404 to municipalities. By judicial construction, however, the statute has become controlling on an abutting landowner's right to damages for impairment of ingress and egress, Barron v. Memphis, 113 Tenn. 89, 80 S. W. 832; Knox County v. Lemarr, 20 Tenn. App. 258, 97 S. W. (2d) 659, as well as the right to damages for interference with natural drainage, Hollers v. Campbell County, 192 Tenn. 442, S. W. (2d) 523.

In our opinion, if it is to apply at all to such cases, it should be applied in a manner to afford the landowner the statutory period of one year within which to bring suit after injury or after reasonable notice or knowledge of such injury and damage. Where the land is taken either without a conveyance or a condemnation proceeding there is no hardship in holding that the period begins, as the statute expressly provides, when the land is taken possession of. The case is different, however, where the possession of the County is lawful and the damage to remaining lands is not reasonably to be foreseen at the time the conveyance is made.

This brings us to the further insistence that the right of way deed is conclusive of plaintiff's right to recover. To sustain this insistence the County strongly relies upon Central Realty Co. v. City of Chattanooga, 169 Tenn. 525, 89 S. W. (2d) 346, and Fuller v. City of Chattanooga, 22 Tenn. App. 110, 118 S. W. (2d) 836, holding that the condemnation of a right of way or a right of way deed embraces by implication all damages necessarily incident to making the land effectual for the particular purpose for which it was acquired. These cases, however, recognize an exception to the rule where the particular loss or damage was not within the contemplation of the owner and, if advanced, would have

been rejected as speculative and conjectural. See to the same effect Jones v. Oman Construction Co., 28 Tenn. App. 1, 9, 184 S. W. (2d) 568.

In Carter County v. Street, Tenn. App., 252 S. W. (2d) 803, decided July 16, 1952, certiorari denied October 10, 1952, we applied the exception because it appeared the landowner had no information when he executed a deed to the right of way that cuts and fills would be of such magnitude that slides would result in damage to his remaining lands. As supporting that view the opinion cites Milhous v. State Highway Department, 194 S. C. 33, 8 S. E. (2d) 852, 128 A. L. R. 1186, in which the Supreme Court of South Carolina held that a landowner who had never been shown a map of the road construction when he executed a deed to the right of way would not be cut off from water damages caused by grading the roadway in a manner to interfere with natural drainage.

We also held in Carter County v. Street, supra, that language in the right of way deed similar to that contained in the deed here involved with reference to damages to the remainder of grantor's lands should not be construed as concluding a claim for damage for slides in grading the right of way. We think the same must be said of the provision of the deed above quoted as applied to loss of ingress.

No question is made of the amount allowed by the jury. We find no error in submitting the case to the jury and it results that the assignments must be overruled and the judgment affirmed.

Hale and Howard, JJ., concur.