Eva Pauline Hawkins

*v.*

William C. Dawn et al.

(*Knoxville,* September Term, (May Session) 1960.)

Opinion filed May 26, 1961.

ELY & ELY, Knoxville, for plaintiff in error Eva Pauline Hawkins.

EARL S. AILOR, Knoxville, for Knox County.

MR. JUSTICE FELTS delivered the opinion of the Court.

This suit was brought by plaintiff against Knox County for damages for the taking of a ten foot strip of her lot for road purposes, and for incidental damages to her remaining land. This lot had been conveyed to her by William C. Dawn and wife, and she also sued them for breach of warranty, alleging they had previously conveyed this strip to the County, by an unrecorded deed, without disclosing the fact when they conveyed to her; but she later dismissed the suit as to them.

Defendant Knox County filed a plea of *res judicata* in bar of the suit, averring plaintiff had already sued the County on this same cause of action and recovered a judgment, which had become final and had been paid. The facts were stipulated, the Trial Judge sustained this plea, and dismissed the suit. Plaintiff appealed in error to this Court, and the question here is whether the plea should have been sustained.

The present suit was brought June 15, 1956. Plaintiff's declaration averred that "on the — day of May 1956," Knox County had taken a ten foot strip of plaintiff's lot for road purposes; that by such taking the County had "damaged the sewage disposal field placed there by her in connection with the septic tank"; and that she was entitled to $3,000 damages, for which she sued.

On August 10, 1956, she amended her declaration, by adding another count, suing the County for "an additional sum of $5,000.00" damages for the wrongful taking of her property, in that "on the — day of July 1956," the County raised the grade of the road above the level of her land, and placed a large concrete drain under the road, and thereby "collected the water from the sur-

rounding area and piped it on to the plaintiff's property."

While this suit was pending in the Circuit Court, plaintiff brought another suit against the County, on November 5, 1957, in the General Sessions Court, suing the County for damages to this lot growing out of the grading and drainage of the road, alleging her cause of action in the General Sessions Court warrant to be:

"for damages to pltffs property because of negligence of def. in collecting water in drain and turning same across pltffs property and for damages to pltffs house and septic tank by reason thereof said property being located at Pleasant Ridge Road and Sanderson Road this damage occurred during Sept. and Oct. 1957, as result of defts employees placing drain tile under Pleasant Ridge Road in July 1956, under 2500 Dollars."

This latter suit was dismissed in the General Sessions Court. Plaintiff appealed to the Circuit Court, where the case was tried by Judge Kelly without a jury. He found that plaintiff had suffered substantial damage to her property by the County's "installation of new grading and drainage pipes on the roads near plaintiff's property," and he rendered judgment for her against the County for $1,550. That judgment was affirmed by the Court of Appeals, and certiorari denied by this Court.

After that judgment became final, Knox County paid the amount of it to plaintiff, and thereupon filed a plea in this suit, pleading the former judgment as a bar to this suit, with the result above stated.

■■ It is a general principle that a single trespass or tort can give rise to but one action for damages. The

548

cause of action consists of two parts, viz.: (1) "the unlawful *act*," and (2) "*all* damages that can arise from it." When an action thereon proceeds to judgment, the cause of action is extinguished, or merged in the judgment, and the judgment is a bar to another action on the same cause. *Johnson v. Southern Ry. Co.,* 155 Tenn. 639, 299 S.W. 785, 55 A.L.R. 932.

So if the plaintiff splits his cause of action, sues for only part of his damages, and recovers a judgment for less than the total amount of his damages, such judgment is conclusive not only as to all matters that were put in issue but as to all matters that might have been put in issue, and he cannot maintain another suit for the rest of his damages. *Saddler v. Apple,* 28 Tenn. 342; *Globe & Rutgers Fire Ins. Co. v. Cleveland,* 162 Tenn. 83, 34 S.W.2d 1059; *Jordan v. Johns,* 168 Tenn. 525, 79 S.W.2d 798.

The plaintiff, however, contends that she had two separate causes of action: one, here sued on, for the damages that occurred up to July 1956, and another, sued on in the other case (that went to judgment), for the damages that "occurred during Sept. and Oct. 1957, *as result* of defts employees placing drain" under the road "*in July 1956.*" And she relies on cases allowing successive recoveries of damages for negligence or nuisance, such as *Cincinnati, N. O. & T. P. Ry. Co. v. Roddy,* 132 Tenn. 568, 179 S.W. 143, L.R.A.1916E, 974; *City of Chattanooga v. Dowling,* 101 Tenn. 342, 47 S.W. 700.

Such cases, however, are not in point here. The County is not liable in damages for nuisance or for negligence of its employees. *Unicoi County v. Barnett,* 181 Tenn. 565, 567, 181 S.W.2d 865. But it is liable to an

owner for damages for the taking of his land for a highway and for all incidental damages to his remaining land, including damages for overflows, changing or raising grades, etc. *Unicoi County v. Barnett,* supra; *Hollers v. Campbell County,* 192 Tenn. 442, 241 S.W.2d 523.

█ It is clear that plaintiff had but one cause of action. It consisted of (1) the act of taking, and (2) all the resulting damages, including all the damages necessarily incident to the proposed public improvement or to making the land effectual for use for which it was taken. *Central Realty Co. v. City of Chattanooga,* 169 Tenn. 525, 89 S.W. 2d 346; *Fuller v. City of Chattanooga,* 22 Tenn.App. 110, 118 S.W.2d 886.

All of her damages resulted from the taking and the construction of the grade and drain; which was done by *July (1956), before* she filed her amended declaration in this suit. The overflow "during Sept. and Oct. 1957" was *"as result* of defts employees placing drain" under the road "in July 1956." As such result, it was foreseeable and recoverable in her first suit and did not give her a new cause of action. In 18 Am.Jur., Eminent Domain, sec. 369, it is said:

"Damages to private property by public improvement, when assessed, are assessed once for all, and include all damages sustained by the owner, present or future, by reason of a proper use and maintenance of the public improvement * * * In short, as a general rule, all the items of damages which are recoverable in the condemnation proceeding must be so recovered, and therefore the award is a bar to the recovery of damages subsequently accruing." (Citing numerous cases)

A judgment in such a case concludes the parties not only "as to all matters which were put in issue, but as to all matters which might have been put in issue." 18 Am.Jur., Eminent Domain, sec. 367. This is but an application of the general rule of *res judicata* above referred to.

■ It is true an exception to this rule is recognized where a later loss occurs which "neither party had any reason to anticipate, and the possibility of which, if suggested, would have been rejected as speculative and conjectural." *Fuller v. Chattanooga,* supra [22 Tenn.App. 110, 118 S.W.2d 891]; *Morgan County v. Neff,* 36 Tenn. App. 407, 256 S.W.2d 61. Manifestly, plaintiff's case cannot be brought within that exception.

Since plaintiff split her cause of action, bringing two suits upon the same cause of action, and since she prosecuted one of the suits to judgment, such judgment is a bar to her present suit; and the Trial Court properly so held.

Plaintiff's assignment of error is overruled and the judgment of the Circuit Court is affirmed. The costs of the cause are adjudged against plaintiff in error.