# B. F. JONES and WIFE, v. HAMILTON COUNTY. —405 S.W.(2d) 775.

Eastern Section.  November 1, 1965.

*Certiorari Denied by Supreme Court June 6, 1966.*

Morgan & Hunter, Chattanooga, for B. F. Jones and wife.

George F. McCanless, Attorney General of Tennessee, and J. Malcolm Shull, Assistant Attorney General, Nashville, and Robert C. Hunt, Chattanooga, for Hamilton County.

McAMIS, P. J.  B. F. Jones and wife brought this action against Hamilton County claiming damages to their land in the amount of $35,000.00 by reason of an alleged change in the natural drainage of surface water resulting from the construction of certain highways near their property. The declaration is predicated on the creation of a water nuisance and also upon the theory of a taking for public use.

Hamilton County filed a plea of the general issue and, being required to do so upon plaintiffs' motion, also filed a special plea denying any interference with the natural drainage, denying any liability "on the basis of nuisance" and asserting that any liability on the theory of a taking was barred because suit was not instituted within one year after the improvement was begun as required by T.C.A. sec. 23-1424.

The jury returned a verdict for $1,000.00, also "stipulating" that the State be required to alleviate the condition causing the overflow of plaintiffs' lands. The Court, being of opinion the County could only be held liable on the theory of nuisance, and that, under that theory, plaintiffs would have a right of action for any recurring damages declined to accept the "stipulation" or to allow the jury, as it requested, to further consider its verdict upon being advised that the Court had no authority to require the removal of the cause of the flooding. A judgment for $1,000.00 was rendered on the verdict from which both parties have appealed.

The County insists it can not be held for damages resulting from a nuisance and that the Court should have directed a verdict sustaining its plea of the statute of limitations of one year. Plaintiffs insist the record shows the jury was not satisfied with the verdict for $1,000.00 when it learned there was no way to compel the removal of the cause of the flooding and that the Court should have allowed the jury to further consider its verdict.

Plaintiffs' 42 acre tract of land lies in a valley and has always been subject to water draining from an area of 1500 acres. The construction of the highways has increased the drainage area at most by 36 acres. However,

according to plaintiffs and their witnesses, prior to the improvements, there was only a small ditch across their property and no serious water problem or damage but that in the construction of the highways along the side of a ridge a much steeper slope resulted and that the slope was left bare and unprotected by vegetation. Plaintiffs insist that, because of the removal of growth from the slope, the increased rapidity of the flow of water from the steeper slope and the construction of permanent concrete culverts concentrating the flow, water overflowed and stood on their property and a much larger ditch formed.

There is proof to the contrary but it is evident the jury found this disputed issue in favor of the plaintiffs. The evidence for plaintiffs, based upon the before and after value of the land, fixed the damages far in excess of $1,000.00, the amount for which judgment was rendered on the verdict.

Defendant's witnesses concede that some top soil and rocks have been deposited on plaintiff's property from the right of way but say only minor damage has resulted.

The first and principal question presented is the liability of the county for the creation and maintenance of a nuisance in the construction and maintenance of highways.

Chandler v. Davidson County, 142 Tenn. 265, 218 S.W. 222, after an exhaustive review of the authorities, held that a county is not authorized to create a nuisance and, on that theory, Davidson County was held liable for personal injuries sustained by the plaintiff when she fell in an excavation made by the county in the maintenance of a public road and left unguarded. Even in that case,

however, the court carefully delineated between the construction of new highways when a county was said to act in a sovereign capacity and the maintenance of existing roads.

This distinction was maintained in Carothers v. Shelby County et al., 148 Tenn. 185, 253 S.W. 708. The concluding paragraph in the opinion in that case, however, seems to concede the general rule that even in the maintenance of public roads and bridges a county is exercising a prerogative of sovereignty and can not be held liable for the neglect of its officers and agents while performing that duty.

In Buckholtz v. Hamilton County, 180 Tenn. 263, 174 S.W.2d 455, the plaintiff was injured when the automobile in which she was riding struck a ditch maintained by the county across the highway. The opinion reviews Chandler v. Davidson County et al., and a number of later cases decided by the Supreme Court. The County was held not liable on the authority of Vance v. Shelby County, 152 Tenn. 141, 273 S.W. 557 and Fryar v. Hamilton County, 160 Tenn. 216, 22 S.W.2d 353. The opinion expressly holds that Chandler v. Davidson County, supra, "is unsound, and * * * is accordingly overruled."

In Unicoi County v. Barnett, 181 Tenn. 565, 182 S.W.2d 865, the plaintiff landowner sought recovery of damages for the overflow of water resulting from the construction of a road by Unicoi County. The declaration was construed as charging both a nuisance and a taking. The Court, in an opinion by Mr. Chief Justice Green, citing Buckholtz v. Hamilton County, supra, expressly held the County not liable on the theory of nuisance but that it was properly held liable on the theory of a taking. See to the same effect Hollers v. Campbell County, 192 Tenn. 442, 241 S.W.

2d 523, and Hawkins v. Dawn, 208 Tenn. 544, 347 S.W.2d 480.

In this case, as above shown, the proof established the before and after value of the land according to the contention of the parties. There was no proof offered by either party appropriate to the theory of recurring damages. It is clear from the record, however, that the jury in arriving at the amount of the verdict entertained the belief that plaintiffs could be protected from future damages.

■■ The trial judge concurred in the amount on the erroneous assumption plaintiffs could recover only temporary damages on the theory of nuisance and would have an action for recurring damages. The law, as we have seen, is that the County can only be held on the theory of a taking. In addition, the concrete drains and culverts are permanent structures which, according to plaintiffs' insistence concentrate the flow of water upon their land. Plaintiffs can not split their cause of action for the taking. Hawkins v. Dawn, supra. Under the circumstances of this case, if they are ever to be compensated it must be in this case.

■ We, therefore, hold that the Court erred in approving the verdict on the basis of a nuisance and in declining to allow the jury to further consider its verdict as it requested after it was told the Court was without power to order the removal of the cause of the overflow. It is obvious there has been no real concurrence between the Court and the jury. It is also fairly to be inferred the jury would have rendered a verdict for more than $1,000.00 except for its assumption that plaintiff would be protected against further damages from overflow. It is our opinion the jury should have been instructed to further consider its verdict and to return a verdict based

upon the before and after value of the land according to the proof on that question.

It results the case must be remanded for a new trial unless, as the County insists, it is entitled to a directed verdict on the ground plaintiffs' action is barred by the one year limitations statute. The facts bearing on that question are:

The undisputed proof shows grading on the right of way was begun May 5, 1961, but was not completed until May 2, 1962. It was leveled and seeded thereafter at some date not shown by the record. However, defendant's witness Martin testified the sod was washed off "in 1962, I guess". The fair inference from this is that the damage to plaintiffs' property occurred at that time. At least there is no proof that it occurred earlier. Suit was filed September 11, 1963.

The statute of limitations is an affirmative defense and the burden of proof rests upon the defendant to make out a case for its application. Prigmore v. East Tenn. etc. R. Co., 69 Tenn. 204.

T.C.A. sec. 23-1424 provides that owners of land appropriated to a public use must bring suit for the value of the land within one year "after the land has been actually taken possession of, and the work of the proposed internal improvement begun".

T.C.A. sec. 23-1423 conferring the right to sue for lands appropriated for public improvements and T.C.A. sec. 23-1424 prescribing the time within which the action must be brought apply notwithstanding there has been no actual entry upon the land. Hollers v. Campbell County (supra), 192 Tenn. 442, 241 S.W.2d 523; Morgan County v. Neff, 36 Tenn.App. 407, 256 S.W.2d 61. In the

first of these cases the action was predicated upon an interference with natural drainage causing an overflow on plaintiff's property. The Court said:

"The county, in doing the work complained of, took possession of the property * * *."

In Morgan County v. Neff the plaintiff sued for loss of ingress and egress. There was no actual entry upon the land. The Court said:

"Code Sections 3131 and 3132 giving a right of action for lands appropriated without condemnation and fixing the period of time within which suit must be brought do not seem to contemplate a change of grade such as applies under Code Section 3404 to municipalities. By judicial construction, however, the statute has become controlling on an abutting landowner's right to damages for impairment of ingress and egress, Barron v. Memphis, 113 Tenn. 89, 80 S.W. 832; Knox County v. Lemarr, 20 Tenn.App. 258, 97 S.W.2d 659, as well as the right to damages for interference with natural drainage, Hollers v. Campbell County, 192 Tenn. 442, 241 S.W.2d 523.

"In our opinion, if it is to apply at all to such cases, it should be applied in a manner to afford the landowner the statutory period of one year within which to bring suit after injury or after reasonable notice or knowledge of such injury and damage. Where the land is taken either without a conveyance or a condemnation proceeding there is no hardship in holding that the period begins, as the statute expressly provides, when the land is taken possession of. The case is different, however, where the possession of the County is lawful and the damage to remaining lands is not reasonably to be foreseen at the time of the conveyance is made."

See to the same effect Donohue v. East Tennessee Natural Gas Co., 39 Tenn.App. 438, 284 S.W.2d 692.

Under these holdings the burden of proof rested upon defendant to show by credible proof that plaintiffs' lands were damaged more than one year prior to September 11, 1963, the date suit was instituted. Proof that heavy rains fell sometime in 1962 and washed off the seedings of grass does not carry this burden. Under this proof the damage could have occurred after September 11, 1962, or less than one year before suit was instituted.

Defendant also relies upon an isolated statement made by Mr. Jones, one of the plaintiffs, that his property was damaged "when they first started cutting up there on the mountain". Obviously, no damage could have been caused by this work until a rain severe enough to wash soil off the right of way occurred. At most this statement made a question for the jury as to whether the witness was referring to the threat of damage that might occur thereafter. There was no error in declining to direct a verdict.

For the reasons shown the cause will be remanded for a new trial. Costs of appeal will be paid by defendant Hamilton County.

Cooper and Parrott, JJ., concur.