# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
March 9, 2011 Session

## JAMES ERIC CRAIN v. CRST VAN EXPEDITED, INC.

**Appeal from the Chancery Court for Knox County**
**No. 174733-3      Michael W. Moyers, Chancellor**

_____

**No. E2010-01457-COA-R3-CV - FILED - MAY 11, 2011**

_____

This case stems from an employment contract dispute. James Eric Crain ("Crain") was terminated by his employer, CRST Van Expedited, Inc. ("CRST"). CRST demanded payment from Crain pursuant to a clause in his employment contract. Crain filed suit in the Knox County Chancery Court (the "Trial Court"), seeking, among other things, injunctive relief. CRST filed an answer and counterclaim in the Trial Court seeking damages, among other things. CRST also filed a lawsuit, based on the same facts and issues, against Crain in Iowa. CRST prevailed in the Iowa lawsuit before the suit in Tennessee went to judgment. CRST filed a motion for summary judgment in the Trial Court, which was granted. Crain appeals, raising a number of issues. We hold that the Trial Court did not err in granting CRST's motion for summary judgment relying on the doctrine of res judicata. We further hold that the Trial Court did not err in finding that CRST also was entitled to judgment as a matter of law pursuant to the Uniform Enforcement of Foreign Judgments Act. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, J.J., joined.

James M. Crain, Knoxville, Tennessee, for the appellant, James Eric Crain.

Benjamin K. Lauderback, Knoxville, Tennessee, for the appellee, CRST Van Expedited, Inc.

# OPINION

## Background

Crain, a citizen and resident of Knoxville, Tennessee, traveled to Iowa seeking employment with CRST, a trucking company. CRST conducts a driver training program for prospective drivers. In 2008, Crain signed both a pre-employment training agreement and a driver employment contract with CRST. After a period of training and employment, Crain was terminated by CRST. CRST sought payment from Crain based on the employment contract. Given the issues presented to us on appeal, a detailed description of the terms of the two contracts signed by Crain with CRST is not necessary. Suffice it to say that the suits in Iowa and in Tennessee involved the same contractual rights and obligations of the parties.

Crain refused to pay and sued CRST in the Trial Court in Knox County, Tennessee. Crain sought, in part, a temporary injunction whereby CRST would be ordered not to initiate any action in any other court against him arising from the contracts at issue in this case. The Trial Court subsequently denied the injunctive relief that Crain sought. On August 18, 2009, CRST filed its Answer and Counterclaim to Crain's complaint in the Trial Court seeking damages for breach of employment contract, among other things.

Also on August 18, 2009, CRST filed an action against Crain in the Iowa District Court in and for Linn County, setting out the same facts and issues as contained in the Answer and Counterclaim filed in the Trial Court. Crain appeared in the Iowa suit and filed an Answer and Motion to Dismiss. The motion was denied.

On October 13, 2009, the Iowa District Court entered a judgment for CRST in the amount of four thousand eight hundred eighteen dollars and thirty-nine cents ($4,818.39) with interest taxed at eighteen percent (18%) from October 13, 2009. CRST also was awarded one hundred eighty-one dollars and sixty-one cents ($181.61) in attorney fees, as well as eighty-five dollars ($85.00) in costs. Crain did not appeal the Iowa District Court judgment.

In December 2009, CRST filed first a Motion to Domesticate and Enforce Foreign Judgment and then a Motion for Summary Judgment in the Trial Court. In its Memorandum of Fact and Law in support of the Motion for Summary Judgment, CRST based its argument on the doctrines of res judicata and/or collateral estoppel, or, in the alternative, on the grounds to domesticate a foreign judgment. CRST also filed a Statement of Undisputed Material Facts, as follows:

> 1.     On or about April 1, 2009 the Plaintiff filed this matter against

this Defendant. In summary, the Plaintiff alleged in 2008 he traveled to Iowa to obtain training to become an over the road truck driver with CRST.

2. Plaintiff signed two (2) documents in 2008 pertaining to his employment, a pre-employment driver training agreement and a driver employment contract.

3. After the Plaintiff was terminated from his employment with CRST this Defendant sought damages from him incurred from both training the Plaintiff and due to the breach of the employment contract signed by the Plaintiff as a provision of his employment.

4. Rather than paying to CRST what the Plaintiff owed it, the Plaintiff filed suit in this Court seeking, among other things, a temporary injunction wherein he asked this Court to order this Defendant not to pursue a judgment against the Plaintiff in the State of Iowa and to find, essentially, that this Court was the only Court with jurisdiction over the claims raised.

5. CRST filed an Answer and brought its own counterclaim for damages and other relief.

6. This Court denied the Plaintiff's Motion for injunctive relief by Order entered on July 22, 2009.

7. This Defendant then filed an action in Iowa against the Plaintiff for breach of the same employment contract at issue in this matter on August 18, 2009, and attached as an exhibit the same Driver's Employment Contract that Mr. Crain attached to his Complaint in this Court. The parties, facts and issues in the Iowa cause were the same as in the matter at bar.

8. The Plaintiff, Mr. Crain, did appear in that matter and filed both an Answer and a Motion to Dismiss, which was denied.

9. On October 13, 2009, in the Iowa District Court in and for Linn County, a court of record in Iowa, a Judgment was entered for CRST against Mr. Crain.

10. The Judgment rendered against Mr. Crain in Iowa was for the full amount also claimed by CRST in its counterclaim filed in this matter.

-3-

11. The total amount awarded CRST in Iowa totaled four thousand eight hundred eighteen dollars and thirty-nine cents ($4,818.39) with interest taxed at a rate of eighteen percent (18%) from October 13, 2009 as well as attorneys fees in the amount of one hundred eighty-one dollars and sixty-one cents ($181.61) plus costs of the action in the amount eighty-five dollars ($85.00).

12. The Plaintiff, Mr. Crain, did not file an appeal of the Iowa judgment adverse to him.

12.[sic] Exhibit 3 is an accurate and authentic copy of the Judgment obtained in Iowa….

(citations omitted). CRST included with its Statement of Undisputed Material Facts an affidavit of attorney Thomas D. Wolle, with a copy of the Iowa District Court's judgment attached.

Crain did not respond to CRST's Statement of Undisputed Material Facts. Instead, Crain filed a Motion to Strike on May 3, 2010, arguing that the copy of the Iowa District Court judgment was uncertified and should be stricken. On May 6, 2010, CRST responded to Crain's Motion to Strike, this time including a certified copy of the Iowa District Court's judgment.

After a hearing on the pending motions, the Trial Court entered its judgment, finding and holding:

that CRST's Motion for Summary Judgment is GRANTED. It is further Ordered that the Plaintiff's Motion to Strike on grounds that rule 13.01 of the Tenn[.] R. Civ. P. would prevent the Iowa judgment from being entered in Tennessee is DENIED. The Plaintiff's Motion to Strike is well taken insofar as to striking Exhibit B from the affidavit of Thomas D. Wolle, but this court further finds any deficiency regarding the filing of a foreign judgment was cured by the filing of a properly certified judgment by CRST in CRST's response to the Plaintiff's Motion to Strike. Pertaining to the Summary Judgment motion filed by CRST, this Court finds the doctrine of res judicata and claim preclusion applies. The Plaintiff failed to file a response to or dispute the Statement of Undisputed Material Facts asserted by CRST. This Court further finds that essential elements of CRST's summary judgment motion were proven by CRST through the applicable Iowa judgment, and that essential elements of the plaintiff's claims were negated. Additionally, this

-4-

Court finds that essential elements of CRST's summary judgment motion were proven through the Statement of Undisputed Facts, and essential elements of the plaintiff's claims were also negated by and through those same undisputed material facts. As there was no opposition to those undisputed facts and essential elements filed by the plaintiff pursuant to Rule 56.03 of the Tennessee Rules of Civil Procedure, summary judgment was proper and appropriate on all issues raised by CRST. Because the doctrine of res judicata applies and all issues and claims are resolved in this cause in favor of CRST, all matters in controversy are fully and finally adjudicated pursuant to this Order. The Plaintiff is hereby ordered to pay CRST the full amount consistent with the Iowa judgment entered on October 13, 2009 in the amount of $4,818.39 with an interest rate of eighteen percent (18%) from October 13, 2009. The certified copy of this judgment from the Iowa District Court in and for Linn County, Iowa, filed in this Court on May 6, 2010, is adopted and incorporated herein by reference.

It is further ORDERED that in the alternative this Court finds that CRST is entitled to a judgment as a matter of law pursuant to the Uniform Enforcement of Judgments Act as CRST has met all requirements to enforce and domesticate the foreign Iowa judgment at issue and as described above.

Crain appeals. We affirm.

## Discussion

Crain raises several issues on appeal which we restate as: 1) whether the Trial Court erred in granting CRST's Motion for Summary Judgment relying on the doctrine of res judicata; and 2) whether the Trial Court erred in holding, in the alternative, that CRST was entitled to judgment as a matter of law pursuant to the Uniform Enforcement of Foreign Judgments Act.

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

Crain contends that CRST's filing suit in Iowa was contrary to Rule 13.01 of the Tennessee Rules of Civil Procedure and that CRST should have been enjoined from pursuing its lawsuit against Crain in any other court. Rule 13.01 of the Tennessee Rules of Civil Procedure provides:

A pleading shall state as a counterclaim any claim, other than a tort claim, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the

subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that a claim need not be stated as a counterclaim if at the time the action was commenced the claim was the subject of another pending action. This rule shall not be construed as requiring a counterclaim to be filed in any court whose jurisdiction is limited either as to subject matter or as to monetary amount so as to be unable to entertain such counterclaim.

Tenn. R. Civ. P. 13.01. Thus, if a party fails to file a counterclaim, other than those excluded by the Rule itself, in response to a pleading in accordance with Rule 13.01 and the controversy results in a final judgment, then that party would be precluded from filing suit on that claim. Nothing in Rule 13.01, however, prohibits the filing in a separate lawsuit of what would be a compulsory counterclaim if that party is willing to run the risk that it may well lose the right to pursue its claim in the separate lawsuit if the initial suit results in a final judgment first.[1] In any event, CRST did file a counterclaim in the Trial Court in response to Crain's complaint. Therefore, in no respect did CRST violate Rule 13.01, and the Trial Court did not err in denying Crain's application for an injunction.

Crain disputes CRST's argument that res judicata should form a basis for summary judgment in this case. In *Lien v. Couch*, 993 S.W.2d 53 (Tenn. Ct. App. 1998), this Court discussed various aspects of the doctrine of res judicata. We stated:

Res judicata is a claim preclusion doctrine that promotes finality in litigation. *See Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976); *Jordan v. Johns,* 168 Tenn. 525, 536-37, 79 S.W.2d 798, 802 (1935). It bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit. *See Richardson v. Tennessee Bd. of Dentistry,* 913 S.W.2d 446, 459 (Tenn. 1995); *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995).

Parties asserting a res judicata defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action. *See Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). A prior judgment or decree does not prohibit the later consideration of rights that had

---

[1] The issues before us and as presented to the Trial Court do not involve the doctrine of prior suit pending.

not accrued at the time of the earlier proceeding or the reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the parties' legal rights and relations. *See White v. White*, 876 S.W.2d 837, 839-40 (Tenn. 1994).

The principle of claim preclusion prevents parties from splitting their cause of action and requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together. *See Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563 (Fed. Cir. 1996); *Hawkins v. Dawn*, 208 Tenn. 544, 548, 347 S.W.2d 480, 481-82 (1961); *Vance v. Lancaster,* 4 Tenn. (3 Hayw.) 130, 132 (1816). The principle is subject to certain limitations, one of which is that it will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation. *See Davidson v. Capuano*, 792 F.2d 275, 279 (2d Cir. 1986); *Carris v. John R. Thomas & Assocs., P.C.*, 896 P.2d 522, 529-30 (Okla. 1995); *see also Rose v. Stalcup*, 731 S.W.2d 541, 542 (Tenn. Ct. App. 1987) (holding that a subsequent action was not barred because the initial court did not have jurisdiction over the claim). Thus, the Restatement of Judgments points out:

> The general rule [against relitigation of a claim] is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.

Restatement (Second) of Judgments § 26(1)(c) cmt. c (1982)....

*Lien v. Couch*, 993 S.W.2d at 55-56.

All four elements of res judicata are present here: (1) a court of competent jurisdiction, i.e., the Iowa District Court, rendered the prior judgment, (2) the prior judgment rendered by the Iowa District Court was final and on the merits, (3) the same parties are involved both in this case and the Iowa case, and (4) these proceedings and the Iowa case

involve the same underlying cause of action, that being a dispute over these parties' contractual rights and obligations.

Crain also argues that the Trial Court should have examined the record to ensure that CRST's Statement of Undisputed Material Facts was based on competent evidence. Crain, however, had an opportunity to respond to CRST's Statement of Undisputed Material Facts and failed to do so. We previously have discussed Rule 56.03 of the Tennessee Rules of Civil Procedure, its requirements, and the consequences of failing to adhere to the rule:

> Courts consistently have emphasized that a party opposing a motion for summary judgment may not simply rest on its pleadings, but must affirmatively oppose the motion. *See, e.g.*, *Staples*, 15 S.W.3d at 89; *McCarley*, 960 S.W.2d at 588. Such opposition may be made by pointing to the evidence in the record which indicates disputed material facts. *McCarley*, 960 S.W.2d at 588. Rule 56.03 requires that a party opposing a motion for summary judgment must serve and file a response to the motion.

> The statements of material facts submitted by the parties on a motion for summary judgment are "intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." *Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001)(perm app. denied)(quoting with approval, *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994)). Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record. *Id*. Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party. *See* ROBERT BANKS, JR. & JUNE F. ENTMAN, TENNESSEE CIVIL PROCEDURE, § 9–4(i)(1999)(quoting *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 n. 1 (7th Cir. 1995)). Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal. *See Mark VII Transp. Co. v. Belasco*, No. W2002–00450–COA–R3–CV, 2002 WL 31895714, at * 4–5 (Tenn. Ct. App. Dec. 30, 2002) ( *no perm. app. filed*).

*Holland v. City of Memphis*, 125 S.W.3d 425, 428-29 (Tenn. Ct. App. 2003).

In this case, CRST made a properly supported motion for summary judgment demonstrating that the matter at issue already had been adjudicated. Despite the mandatory language of Rule 56.03, Crain did not file a response to CRST's Statement of Undisputed Material Facts. Crain instead filed a Motion to Strike, maintaining that the copy of the Iowa judgment filed by CRST, with respect to both CRST's Motion to Domesticate and Enforce Foreign Judgment and Motion for Summary Judgment, was not properly certified. However, any defect in the entry of the Iowa judgment into the record was cured, as found by the Trial Court, by CRST in its response to Crain's Motion to Strike, wherein CRST filed a properly certified copy of the Iowa judgment. Moreover, Crain missed his chance to dispute CRST's Statement of Undisputed Material Facts by failing to respond to it as required by and pursuant to Rule 56.03. It is not the duty of the Trial Court to sift through the record and perform the non-moving party's job. The Trial Court was entitled to deem CRST's Statement of Undisputed Material Facts as being admitted by Crain.

Upon reviewing the record, including CRST's Statement of Undisputed Material Facts, we agree with the Trial Court that the doctrine of res judicata applies to this case. The undisputed facts demonstrate that this matter was disposed of in the Iowa District Court. All four elements of res judicata are satisfied as we already have discussed. Based on the doctrine of res judicata and CRST's Statement of Undisputed Material Facts, we affirm the Trial Court's grant of summary judgment.

We now address whether the Trial Court erred in holding, in the alternative, that CRST was entitled to judgment as a matter of law pursuant to the Uniform Enforcement of Foreign Judgments Act. The domestication of a foreign judgment can be achieved through a motion for summary judgment. We have discussed the domestication of foreign judgments in the context of summary judgment:

The Uniform Enforcement of Foreign Judgments Act does not foreclose the use of summary judgments, and we have been cited to no other statute or court rule prohibiting their use in cases such as this one. Therefore, we find that persons seeking to domesticate a foreign judgment may do so using a summary judgment as long as they satisfy the trial court, as required by Tenn.R.Civ.P. 56.03, that there are no disputes as to any material fact and that they are entitled to a judgment as a matter of law.

*Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 255 (Tenn. Ct. App. 1992). CRST sought to domesticate a foreign judgment using a motion for summary judgment. As Crain never filed a response to CRST's Statement of Undisputed Material Facts, the Trial Court was

satisfied as to the lack of dispute of any material fact, and so are we.

Crain argues that the Iowa judgment runs contrary to Tennessee public policy, and, therefore, it should not be enforced. We have discussed the enforcement of judgments from sister states:

Foreign judgments are entitled to full faith and credit. U.S. Const. art. IV, § 1. Once a foreign judgment has been enrolled, it has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of record in Tennessee and may be enforced or satisfied in a like manner. T.C.A. § 26–6–104(c). Therefore, the grounds and procedures for vacating or reopening foreign judgments are those contained in Rule 60.02 T.R.C.P. *Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn. App. 1992). Parties seeking to undermine the validity of a foreign judgment must meet a "stern and heavy" burden to demonstrate that the foreign judgment should not be enforced in Tennessee. *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn. App. 1989). The factual issues underlying the foreign judgment may not be the basis of an inquiry to deny the foreign judgment full faith and credit. *Benham v. Fisher*, 650 S.W.2d 759 (Tenn. App. 1983).

*Coastcom, Inc. v. Cruzen*, 981 S.W.2d 179, 181 (Tenn. Ct. App. 1998). Nevertheless, "Tennessee courts are not obligated to give full faith and credit to any judgment of a state which we hold to be violative of Tennessee's public policy or the Federal Constitution." *Aqua Sun Invs., Inc. v. Henson*, 1993 WL 382230, *2 (Tenn. Ct. App. Sept. 30, 1993), *no appl. perm. appeal filed*.

Crain contends that "[T]he Iowa Judgment, treated as a judgment of a court of record in this state, is clearly a nullity as being filed and prosecuted in defiance of Rule 13.01, Tenn. R. Civ. P." However, as we have already discussed, CRST's filing suit in Iowa District Court did not violate Rule 13.01. As CRST did not violate Rule 13.01 in any manner, Crain has fallen far short of meeting the stern and heavy burden required to demonstrate that the Iowa judgment should not be enforced in Tennessee. We, therefore, affirm the Trial Court's holding in the alternative that CRST was entitled to judgment as a matter of law pursuant to the Uniform Enforcement of Foreign Judgments Act.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, James Eric Crain, and his surety.

_____
D. MICHAEL SWINEY, JUDGE