Samuel Archibald Murphy

*v.*

Raleigh Utility District of Shelby County et al.

373 S. W. 2d 455

(*Jackson*, April Term, 1963.)

Opinion filed December 5, 1963.

Owens & McLain, Memphis, Don Owens, Memphis, of counsel, for appellant.

E. W. Hale, Jr., Memphis, for appellees.

Mr. Justice Dyer, delivered the opinion of the Court.

Appellant, Samuel Archibald Murphy, has perfected his appeal to this Court from the action of the Chancellor in sustaining two grounds of the demurrer filed by Appellee, Raleigh Utility District of Shelby County.

Appellant alleges the office and equipment of Appellee is located on the north side of James Road and Appellant has a lot of land on the south side of James Road, between Appellant's property and the Wolfe River. Appellant then alleges as follows:

"The defendant has continually for the past several years, over the objection of the complainant, caused and permitted large amounts of so called back wash water to be released daily and to flood and wash across the complainant's property. That said constant illegal use of the complainant's property by the defendant is a nuisance and, by the process of erosion, has washed and damaged the complainant's property. That said illegal use by the defendants deprives the complainant of the exclusive right to enjoy the use of his premises and should be enjoined. Further, that the complainant is entitled to damages at the hands of the defendants for the damage done to said property."

The bill prays for a permanent injunction to restrain the release of the water as alleged, and for damages. Later appellant filed an amended and supplemental bill requesting a temporary injunction on the release of the water.

The Chancellor, after hearing proof offered by the Complainant, denied the application for a temporary injunction. The Chancellor sustained the demurrer as to Ground No. 2, because the original bill showed on its face the cause of action occurred more than one year before the filing of the bill and is therefore barred under Section 23-1424, T.C.A. The Chancellor also sustained the demurrer as to Ground No. 3 because the original bill showed on its face the cause of action occurred more than three years before the filing of the bill and is barred under Section 28-305, T.C.A.

Appellee is a utility district organized under Sections 6-2601 through 6-2636, T.C.A., engaged in furnishing water and sewer services to residents within its area in Shelby County. By virtue of these statutes Appellee is a municipality or public corporation and has the power of eminent domain for the purposes of carrying out its given services.

It is apparent from the original bill Appellant owns a small tract of land between the Wolfe Rier and Appellee's plant and that daily for the past several years large amounts of water have been released from this plant flowing across Appellant's land on the way to the Wolfe River. Since this is an act of a public service corporation such amounts to a taking of a property right and the remedy would be under Section 23-1423, T.C.A. with the limitation as to time to sue for damages governed by Section 23-1424, T.C.A. See *Hollers v. Campbell County,* 192 Tenn. 442, 241 S.W.2d 523.

Appellant takes the position Section 23-1424, T.C.A. is not applicable and in support thereof cites the case of *Donohue v. East Tennessee Natural Gas Company,* 39

Tenn.App. 438, 284 S.W.2d 692. The decision in this case on the assignment of error in regard to Section 23-1424, T.C.A. was made on facts and circumstances of this case. The holding being the factual situation did not bring this case under this code section.

In the Donohue case the overflow of the water was an eventuality, unanticipated by any of the parties, accidental in nature, and at most resulted from nonrecurring negligence on the part of the defendant. The factual situation in the case at bar is quite different. Here we have an intentional discharge of water daily over Appellant's land, which would be obviously apparent to all parties.

There are other grounds set out in the demurrer, other than the one taken up in this opinion, but under the view we take of the case it is not necessary to note them.

Judgement affirmed.