ELIZABETH MONDAY, Plaintiff in Error,

*v.*

KNOX COUNTY, Defendant in Error.

417 S.W.2d 536.

(*Knoxville,* September Term, 1966.)

Opinion filed June 30, 1967.

MYRON RAY ELY, Knoxville, for plaintiff in error.

EARL S. AILOR, Knoxville, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

Complainant, Elizabeth Monday, appeals from the action of the Chancellor in sustaining a petition to dismiss (treated as a demurrer) filed by defendant, Knox County, and dismissing the original bill.

The original bill alleges defendant, by failure to provide adequate drainage in the construction of a new highway near complainant's property, has caused excessive amounts of water to collect on complainant's property all to complainant's damage. The bill also alleges defendant has created a private and public nuisance and seeks a mandatory injunction to have the nuisance abated.

The Chancellor, dismissing the bill, found under the allegations of the bill the alleged damage to complainant's property amounted to a taking by the defendant

under the right of eminent domain and the exclusive remedy would be in the circuit court under T.C.A. sec. 23-1423.

Complainant does not insist the chancery court has jurisdiction in reverse condemnation suits. See *Cox v. State*, 217 Tenn. 644, 399 S.W.2d 776 (1965). The thrust of the argument here concerns the maxim of equity where chancery takes jurisdiction for one purpose it will take jurisdiction for all purposes. That is, in the case sub judice, the chancery court has jurisdiction to abate the alleged nuisance and having taken jurisdiction for this purpose the court can award damages for the taking of complainant's land under reverse condemnation proceedings.

In the recent case of *Jones v. Hamilton County*, 56 Tenn.App.240, 405 S.W.2d 775 (1966) the Eastern Section of the Court of Appeals dealt with the question of the liability of a county for the creation and maintenance of a nuisance in the construction or maintenance of public roads. In this suit the Court speaking through Presiding Judge McAmis said:

> In *Unicoi County v. Barnett*, 181 Tenn. 565, 182 S.W.2d 865, the plaintiff landowner sought recovery of damages for the overflow of water resulting from the construction of a road by Unicoi County. The declaration was construed as charging both a nuisance and a taking. The Court, in an opinion by Mr. Chief Justice Green, citing *Buckholtz v. Hamilton County*, supra, [180 Tenn. 263, 174 S.W.2d 455], expressly held the County not liable on the theory of nuisance but that it was properly held liable on the theory of a taking. See to the same effect *Hollers v. Campbell County*, 192

Tenn. 442, 241 S.W.2d 523, and *Hawkins v. Dawn,* 208 Tenn. 544, 347 S.W.2d 480.

In the brief filed in this court by complainant it is stated as follows:

that in the construction of said highway the defendant so constructed the two rights-of-way or roadways that water from the north or upper side of the property was collected on the roadway leading from Asheville to Knoxville, then conducted through a storm sewer into the complainants' property and through a natural drain to the portion of the highway going east from Knoxville to Asheville and that the defendant, its agents, servants and employees, failed and neglected to provide adequate drainage for that part of the highway leading in a westerly direction allowing it to be dumped upon the complainant's land which was accumulated on the concrete highway; that during the year immediately preceding the filing of the bill such an amount of water had accumulated and run upon the complainant's land as to not only destroy the buildings she had located on said land but it had destroyed the septic tank filed which was necessary to the use of the property. The concrete highway and change of grade greatly increased the burden upon complainant's land.

Under the above argument by complainant it is apparent there has been a taking of complainant's property for public use for which the remedy is reverse condemnation proceedings and defendant would not be liable on the theory of a nuisance. It results defendant not being liable on the theory of a nuisance the chancery court was without jurisdiction to hear the case.

■ We think this decision does justice to all the parties and in fact is made necessary as a matter of public policy. Complainant here alleges the condition causing the damages can be easily corrected by making certain construction changes in the public road. Presuming this to be true the Court has no authority to order such change in construction; for to do so would in effect be constructing public roads by judicial order which would result in utter chaos. The defendant, as a public authority, is charged with the responsibility of the location and type of construction of this road and, if as a result of the choice made complainant's property is damaged there is a remedy but this remedy is exclusive.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.