PLEASANT VIEW UTILITY DISTRICT, Petitioner,

v.

Joel VRADENBURG and wife, Donna Vradenburg, Respondents.

Supreme Court of Tennessee.

Jan. 17, 1977.

734

Cecil D. Branstetter, Carrol D. Kilgore, Nashville, for petitioner.

Joe P. Binkley, Nashville, James W. Stinnett, Jr., Ashland City, for respondents.

OPINION

COOPER, Chief Justice.

Respondents, Joel Vradenburg and wife, Donna Vradenburg, filed an action in the Chancery Court of Cheatham County in an effort to have that court enjoin the petitioner, Pleasant View Utility District, from discharging waste water onto respondents' land. The respondents charged that the water does not drain properly, creating a swampy area which is a breeding ground for mosquitos and bacteria, and that the waste water pollutes the fish pond which respondents constructed on their land.

In the course of pleading, petitioner moved to dismiss the action,[1] primarily on the ground that the action complained of amounted to a taking of property by petitioner under its right of eminent domain and that respondents' exclusive remedy was in the circuit court under T.C.A. § 23–1423. The petitioner also pleaded that respondents' action for damages "for the taking"

---

1. The motion to dismiss, being supported by affidavits presenting matters outside the pleadings, must be treated as a motion for summary judgment. *See* Tennessee Rules of Civil Procedure 12.03.

of an interest in the property was barred by the one year limitation placed on inverse condemnation actions.

The chancellor, noting the marked similarity between the factual situation set forth in *Murphy v. Raleigh Utility District,* 213 Tenn. 228, 373 S.W.2d 455 (1963) and the factual situation plead and shown in the affidavits filed in this action, sustained petitioner's motion and entered a decree dismissing the action.

The Court of Appeals reversed the chancellor's decree and remanded the case for trial and for a determination of whether respondents were entitled either to injunctive relief or to damages. In doing so, the court concluded "that the petition herein is not a suit for damages in reverse condemnation [but] is primarily an injunction suit praying for injunctive and general relief." The court then reasoned that chancery court having taken jurisdiction for injunctive process, had jurisdiction to decide all issues.

The efficacy of the maxim of equity voiced by the Court of Appeals is unquestioned, but is not pertinent under our view of the case. Basically, we disagree with the Court of Appeals as to the nature of the suit. Though couched in terms of a nuisance, respondents seek to enjoin an act by petitioner which, in our opinion, is an act of "taking" an interest in real property.

Setting the factual background for the suit, it is undisputed that petitioner is a utility district vested with eminent domain powers. *See* T.C.A. §§ 6–2601 through 6–2636. In 1964 petitioner constructed a water purification and chlorination facility and a water storage tank on land it had purchased for that purpose. According to affidavits filed in support of the motion to dismiss, which were considered by the trial court by consent of the parties, the operation of the water purification facility required that petitioner flush the filtration system at least once every three days. From the outset, the thousands of gallons of water used to flush the system were discharged across land adjoining the water filtration plant.

In 1974, the respondents purchased the land over which petitioner was discharging its waste water, built a lake on the property, and then brought the present action to enjoin the utility district from discharging water across respondents' land and into the newly created lake.

■ Having the power of eminent domain, any action of petitioner, in carrying out the purposes for which it was created, which destroys, interrupts, or interferes with the common and necessary use of real property of another is a "taking" of such property, and the landowner's remedy is an action for damages under the inverse condemnation statute (T.C.A. § 23–1423), not injunctive relief; and, the action for damages is subject to the one year time limitation set forth in T.C.A. § 23–1424. *See Monday v. Knox County,* 220 Tenn. 313, 417 S.W.2d 536 (1967); *Jones v. Hamilton County,* 56 Tenn.App. 240, 405 S.W.2d 775 (1966), *Murphy v. Raleigh Utility District, supra.* The case of *East Tennessee and W.N.C.R. Co. v. Gouge,* 30 Tenn.App. 40, 203 S.W.2d 170 (1947) is not to the contrary for in that case the railroad did not plead the limitation set forth in T.C.A. § 23–1424.

■ T.C.A. §§ 23–1423 and 23–1424 apply even in the cases where there is no actual entry upon the land. *Jones v. Hamilton County, supra; Morgan County v. Neff,* 36 Tenn.App. 407, 256 S.W.2d 61 (1952); *Hollers v. Campbell County,* 192 Tenn. 442, 241 S.W.2d 523 (1951). And, as is pointed out in *Morgan County v. Neff, supra,* "where the land is taken either without a conveyance or a condemnation proceeding there is no hardship in holding that the period (of limitation) begins, as the statute expressly provides, when the land is taken possession of."

■ There is no question in this case but that throughout the ten year period immediately preceding the filing of this suit, the petitioner intentionally, regularly, and necessarily discharged a large volume of water onto and across the land now owned by respondents. This action of the petitioner was a "taking of a flowage easement"

across the land—a taking for which petitioner was liable in damages, provided an action was filed in the circuit court by the then landowner within twelve months of the "taking." But, here, no action was taken by the landowner for more than ten years; and, when taken, the action was filed in chancery not circuit court as required by the inverse condemnation statute. The action being filed in the wrong court and also being barred by the time limitation set forth in T.C.A. § 23–1424, we hold that the chancellor correctly dismissed the action on proper plea.

The judgment of the court of Appeals is reversed. The decree of the chancellor is affirmed. Costs incident to the appeal are adjudged against respondents' and their surety.

FONES, BROCK and HARBISON, JJ., concur.

HENRY, J., not participating.