IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 13, 2014 Session

## WILSON R. VASCONEZ v. SHELBY COUNTY, TENNESSEE, ET AL.

Appeal from the Circuit Court for Shelby County
No. CT00429610     Robert Samual Weiss, Judge

No. W2013-02870-COA-R3-CV - **Filed June 19, 2014**


Appellant Shelby County appeals a portion of the trial court's judgment in favor of Appellee, the purchaser of property formerly owned by Shelby County.  After a bench trial, the trial court awarded the Appellee property damages, prejudgment interest, and attorney's fees based on its finding that Shelby County committed inverse condemnation of the Appellee's property by failing to inform the Appellee of the condemnation proceedings commenced by the City of Memphis. Because the City of Memphis, and not Shelby County, was the condemnor of the property, we conclude that the trial court erred in awarding damages against Shelby County on the theory of inverse condemnation, and further erred in awarding attorney's fees pursuant to the inverse condemnation statute.  Accordingly, we reverse the finding of inverse condemnation and the award of attorney's fees against Shelby County. Shelby County does not appeal the trial court's award of property damages or prejudgment interest. That award is, therefore, affirmed. Affirmed in part, reversed in part, and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Reversed in Part; and Remanded**


J. STEVEN STAFFORD, J.,  delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and PAUL G. SUMMERS, SENIOR JUDGE, joined.

Virginia P. Bozeman and Robert B. Rolwing, Memphis, Tennessee, for the appellant, Shelby County, Tennessee.

Kevin A. Snider, Germantown, Tennessee, for the appellee, Wilson R. Vasconez.

# MEMORANDUM OPINION[1]

On or about July 11, 2008, Wilson R. Vasconez ("Plaintiff," or "Appellee") purchased real property located at 681 W. Shelby Drive in Memphis (the "Property"). Mr. Vasconez purchased the Property from Shelby County, Tennessee ("Shelby County," or "Appellant") at a past-due tax sale; Mr. Vasconez paid $6,000.00 for the Property.  At the time of purchase, improvements on the Property included a shed and an approximately 1,100 square-foot house, which was uninhabitable at that time.  It is undisputed that, prior to Mr. Vasconez's purchase of the Property, the house had fallen into disrepair such that the City of Memphis (the "City," and together with Shelby County, "Defendants") had initiated condemnation proceedings.  The City posted condemnation notices on the Property, and also sent condemnation notices to Shelby County. Just prior to Mr. Vasconez's purchase of the Property, a condemnation hearing occurred, after which the City entered an order of demolition for the Property on May 13, 2008.  All notices for these actions were sent to Shelby County, the owner of record at that time.

Mr. Vasconez, who was unaware of the City's condemnation efforts when he purchased the Property from Shelby County, began making repairs to the house in November or December of 2008.  During this time, Mr. Vasconez lived at another location on Airview Drive in Memphis. In the fall of 2009, Mr. Vasconez traveled to Chile to be with his wife while she gave birth to their child.  While Mr. Vasconez was out of the country, his Airview Drive neighbor, Charles Watkins, allegedly checked his mail and would notify Mr. Vasconez of any important mail he received.  According to the complaint, Mr. Vasconez received no notices regarding condemnation or demolition.  However, on or about October 15, 2009, the City proceeded with demolition, razing the shed, house, and foundation.

On August 31, 2010, Mr. Vasconez filed a complaint against the Defendants, seeking $50,000.00 in damages for alleged "gross malfeasance, gross negligence, and/or other actions and/or omissions [by Defendants] in authorizing and subsequently destroying the [Property]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

without notice to [Mr. Vasconez]." Mr. Vasconez averred that the Defendants' actions and/or omissions constituted an "unlawful taking, without notice, of the . . . [P]roperty." On November 16, 2010, Shelby County filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Tennessee Rule of Civil Procedure 12, or, in the alternative, for summary judgment. Therein, the City averred that Mr. Vasconez's complaint "made no claim of any negligent act . . . nor any act constituting a taking by Shelby County . . . ." By the same document, Shelby County filed a cross-complaint against the City for all damages that might be assessed against Shelby County by virtue of the condemnation or demolition of the Property. On January 27, 2011, the City filed an answer to the complaint, wherein it denied the material allegations made by Mr. Vasconez and raised the affirmative defenses of contributory negligence on Mr. Vasconez's part, and immunity under the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated Section 29-20-101 *et seq*. The City further averred that it owed no legal duty to Mr. Vasconez.

On February 16, 2011, Mr. Vasconez filed a response in opposition to Shelby County's motion to dismiss or, in the alternative, for summary judgment. A hearing on Shelby County's motion was held on April 8, 2011. By order of April 28, 2011, the trial court denied Shelby County's motion to dismiss and also denied its alternate motion for summary judgment. The trial court specifically held that there was a dispute of fact as to whether Shelby County owed any duty to Mr. Vasconez to forward demolition notices it received from the City to him. The court further found that Mr. Vasconez should have been advised "by some agency or official of any prior or pending notices of demolition issued by any governmental agency on the [P]roperty being purchased, despite that information being available on the [City's] website."

On June 14, 2013, Shelby County filed its answer to the complaint.[2] Therein, Shelby County averred, *inter alia*, that Mr. Vasconez's complaint "has not set forth an appropriate claim for gross negligence, nor has he adhered to the procedure set forth in Tennessee's condemnation statutes for pursuing a claim for unlawful taking without notice." Shelby County further stated that Mr. Vasconez "may either institute an inverse condemnation action in accordance with the statutory provisions . . . or sue for damages in trespass. . . ." However, because Mr. Vasconez had allegedly done neither, Shelby County asserted that his complaint failed to state a claim upon which relief could be granted. The court then set the case for hearing on August 15, 2013.

Following the August 15, 2013 hearing, the trial court entered an order on November

---

[2] There is no explanation in the record for the time lapse between entry of the order denying Shelby County's motion and the filing of its answer. Furthermore, there is no explanation as to why the hearing was set over two years after entry of the order denying Shelby County's motion.

26, 2013. Therein, the court held, in relevant part, that:

> 34. The Defendant, City of Memphis, performed its statutory duty of providing notice of its condemnation proceedings.
>
> 35. At the time of the sale of the property to Plaintiff[,] the Defendant, Shelby County Government, had notice that the property was ordered to be demolished as [it] was the only party in interest in the property.
>
> 36. While Plaintiff had offered to purchase the property[,] which predated the condemnation[,] the Defendant, Shelby County Government, was the only party that possessed all of the relevant information about the property.
>
> 37. The Defendant, Shelby County Government, either purposefully or intentionally failed to provide the information of the condemned status of the property to the Plaintiff which constituted an inverse condemnation.

Based upon the foregoing findings, the trial court held that the City was 0% at fault as "the uncontroverted proof was that [the City] provided notice to the property owner[,] which at all [relevant] times . . . was Shelby County Government." The court found that Shelby County was 100% at fault, and awarded damages to Mr. Vasconez as follows:

| | | |
|---|---|---|
| a. Property | $3,500.00 | (which is based upon the $6,000 purchase price of land and building plus improvements of $500 less the value of the land still owned by Plaintiff in the amount of $3,000.00) |
| b. Attorney Fees | $11,559.90 | (pursuant to Plaintiff's attorney's affidavit) |
| c. Prejudgment Interest | $815.90 | (pursuant to T.C.A. 29-17-813) |

Shelby County appeals. It raises two issues for review as stated in its brief:

1.  Whether this Court should reverse the trial court's finding that Appellant either purposefully or intentionally failed to provide information regarding the condemned status of 681 W. Shelby Drive to the Plaintiff, which constituted an inverse condemnation because inverse condemnation was not properly before the trial court, and the trial court's findings of fact did not support its legal conclusion that Appellant's acts were purposeful or intentional?

2.  Whether this Court should reverse the trial court's award of attorney fees in the amount of $11,559.90, as a party can only recover attorney fees if authorized by contract or statute?

Because this case was tried by the court, sitting without a jury, we review the trial court's findings of fact *de novo* upon the record with a presumption of correctness. Tenn. R. App. P. 13(d). Unless the evidence preponderates against the trial court's findings, we must affirm, absent error of law. ***Id***. In order for the evidence to preponderate against the trial court's findings, it must support another finding of fact with greater convincing effect. ***Walker v. Sidney Gilreath & Assocs***., 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000).

### Inverse Condemnation

In its first issue, Shelby County asserts that the trial court's award of damages on the ground of inverse condemnation of the Property is flawed for at least two reasons. First, Shelby County asserts that Mr. Vasconez's complaint did not allege an inverse condemnation, but rather alleged only negligence and taking. Second, Shelby County asserts that Mr. Vasconez presented no proof, and the trial court did not find that Shelby County performed a purposeful or intentional act that resulted in the taking of the Property for public good, which finding is required in an action for inverse condemnation.

The Tennessee Supreme Court has explained that Article I, § 21 of the Tennessee Constitution recognizes the government's right of eminent domain but requires compensation when private property is taken for public use. ***Edwards v. Hallsdale-Powell Util. Dist. Knox Cnty., Tenn.***, 115 S.W.3d 461, 464 (Tenn. 2003). The General Assembly has implemented this provision by enacting corresponding eminent domain and inverse condemnation statutes. See Tenn. Code Ann. §§ 29-16-101 *et seq*. The ***Edwards*** Court described inverse condemnation as follows:

> "Inverse condemnation" is the popular description for a cause of
> action brought by a property owner to recover the value of real

> property that has been taken for public use by a governmental
> defendant even though no formal condemnation proceedings
> under the government's power of eminent domain have been
> instituted. *See Johnson v. City of Greeneville*, 222 Tenn. 260,
> 435 S.W.2d 476, 478 (Tenn. 1968).

*Edwards*, 115 S.W.3d at 464–65. Thus, one of the requirements for an inverse condemnation claim is a taking for public use. A property owner's right of action for inverse condemnation is set out in Tennessee Code Annotated § 29-16-123, which by its terms applies in situations where an entity "has actually taken possession" of the owner's land. The meaning of "taking" in the context of an inverse condemnation action has been discussed in several cases.

> A "taking" of real property occurs when a governmental
> defendant with the power of eminent domain performs an
> authorized action that "destroys, interrupts, or interferes with the
> common and necessary use of real property of another."
> *Pleasant View Util. Dist. v. Vradenburg*, 545 S.W.2d 733, 735
> (Tenn. 1977).

*Edwards*, 115 S.W.3d at 465.

In the first instance, Shelby County did not take or condemn this Property. The City of Memphis did. Accordingly, Shelby County cannot be held liable on theories of inverse condemnation, taking, or failure to comply with the statutory requirements for either of these actions. Rather, only the City, as the condemning party, may be held liable on an inverse condemnation theory. The trial court found the City to be 0% at fault in this case, and further held that the City had "performed its statutory duty of providing notice of its condemnation proceedings." These findings have not been appealed, and so are conclusive. Accordingly, we affirm those findings. Therefore, for purposes of this appeal, we assume that the City did, in fact, follow the statutory guidelines by providing sufficient and proper notice of condemnation to the owner of record, Shelby County. The question, then, is whether Shelby County had a duty to inform Mr. Vasconez of the pending condemnation proceedings prior to selling the Property. As noted below, that question is not specifically answered in the trial court's order.

Certainly Mr. Vasconez's complaint alleges negligence by act and/or omission against Shelby County. Although Mr. Vasconez avers that the "actions and/or omissions on the part of Defendants amount to an unlawful taking," he also avers that the "unlawful taking" was made "without notice." Although the unlawful taking may only be averred against the City,

-6-

as the sole condemnor of the Property, the failure to provide notice may lie against either of the Defendants. In other words, the trial court could have found that the City, as the condemnor, violated the statutory notice requirements for inverse condemnation or taking. However, as set out above, that was not the trial court's finding. Nonetheless, because Shelby County was not the condemnor of the Property, any finding of failure to provide notice against Shelby County would sound in negligence and not in violation of the notice requirements found in the inverse condemnation and taking statutes. These statutes simply do not apply to Shelby County, which did not take or condemn the Property.

The trial court specifically held that Shelby County was "the only party that possessed all of the relevant information about the property," and that it "either purposefully or intentionally failed to provide the information of the condemned status of the property to the Plaintiff." For the reasons discussed above, and specifically because the inverse condemnation statute is not applicable to Shelby County, the trial court erroneously concluded that Shelby County's failure to inform Mr. Vasconez of the condemned status of the Property constituted an "inverse condemnation." Because there can be no finding of inverse condemnation by Shelby County, which had no part in condemning the Property, we reverse this finding.

Furthermore, because the trial court apparently awarded Mr. Vasconez his attorney's fees under the inverse condemnation statute, and specifically Tennessee Code Annotated Section 29-16-123(b),[3] we must also reverse the award of attorney's fees in this case. Under the American rule, each party is responsible for that party's own attorney fees, and a party in a civil action may recover attorney fees only if such recovery is provided for by statute or by a contract between the parties. *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005); *Fifth Third Co. v. Mooreland Estates Homeowners Ass'n*, 639 S.W.2d 292, 298 (Tenn. Ct. App. 1982). In this case, the trial court's finding of inverse condemnation appears to provide the only basis for the award of attorney's fees. The parties cite no other statute or contract from which an award of attorney's fees can arise. Because we have reversed the trial court's finding of inverse condemnation, we must also reverse the award of attorney's fees.

We note that the trial court also awarded property damages and prejudgment interest to the Appellee in addition to the award of attorney's fees. Inferentially, this award was based on the trial court's finding of inverse condemnation, which has been reversed by this Court. Typically, this award would also require reversal or vacatur for reconsideration under the

---

[3] The statute provides that, "as a part of such judgment or settlement [for inverse condemnation the court may award] such sum as will in the opinion of the court . . . reimburse such plaintiff for reasonable costs, disbursements and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding."

remaining theory of relief asserted by the Appellee. In this case, however, Shelby County expressly concedes the Appellees' entitlement to these damages. Specifically, in its brief, Shelby County states that: "[Shelby County] does not appeal the award of property damage in the amount of $3,500.00 or the prejudgment interest in the amount of $815.90, as Appellee still would have been entitled to those damages had he instead prevailed on his common law gross negligence claim." Generally, our review will only extend to those issues presented for review. *See* Tenn. R. App. P. 13(b). Because Shelby County specifically waives any argument as to these damages, we decline to consider the correctness of the award of property damages and prejudgment interest. The trial court's award of property damages and prejudgment interest is, therefore, affirmed.

For the foregoing reasons, we affirm the trial court's order concerning the City's liability. Because the inverse condemnation statute does not apply to Shelby County, we reverse the finding of liability against Shelby County on that theory, and the award of attorney's fees under the inverse condemnation statute. The judgment of the trial court is affirmed in all other respects. Costs of the appeal are assessed one-half to the Appellant, Shelby County, Tennessee, and its surety, and one-half to the Appellee, Wilson R. Vasconez, for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE