IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 23, 2017 Session

**GENE PARISH v. SMITH UTILITY DISTRICT ET AL.**

**Appeal from the Circuit Court for Smith County**
**No. 15-CV-91          John D. Wootten, Jr., Judge**

_____

**No. M2016-00815-COA-R3-CV**

_____

Plaintiff brought an action against a local utility district for damages allegedly arising from the construction and maintenance of a water line on plaintiff's property. Plaintiff also sought injunctive relief. The utility company moved to dismiss, asserting that it was immune from suit or, alternatively, that plaintiff's action was barred by the applicable statute of limitations. The trial court granted the utility company's motion. The court concluded that plaintiff's claim for damages were barred by the Governmental Tort Liability Act. The court further concluded that plaintiff's request for injunctive relief was barred by the GTLA's one-year statute of limitations. And the court determined that the action would be barred by the one-year statute of limitation applicable to governmental takings. We conclude that the gravamen of plaintiff's claim was for inverse condemnation, and the action was time barred.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S. and ANDY D. BENNETT J., joined.

G. Frank Lannom and Donnavon Vasek, Lebanon, Tennessee, for the appellant, Gene Parish.

Jason K. Murrie and Thomas I. Carlton, Jr., Nashville, Tennessee, for the appellees, Smith Utility District, and Mack Gann.

# OPINION

## I.

In a letter dated February 18, 2013, Mack Gann, an employee of the Smith Utility District, contacted Gene Parish to ask whether Mr. Parish, as a resident of Ben Gentry Lane, would be interested in the installation of a water line. According to a subsequently filed complaint, the allegations of which we assume to be true, Mr. Parish initially declined the offer of public water access. But eventually Mr. Parish agreed to "get the process started" after his neighbors promised to contribute $1,000 towards the costs of installation.

At some later point in time, when he went to pay his meter fee, Mr. Parish discovered to his dismay that his neighbors had withdrawn their prior offer to help pay for the installation of the water line. According to Mr. Parish, he then requested additional time from Mr. Gann to "resolve their unaddressed issues." By this point, however, installation of the water line had apparently started, and Mr. Gann refused to stop.

"[O]n or about August 26, 2013," Mr. Parish told Mr. Gann that he and Smith Utility District were "trespassing on [his] land without any right or authority to do so." Mr. Parish also demanded that Mr. Gann and Smith Utility District leave the property and never return. Mr. Gann refused and claimed a right to be on Mr. Parish's property by virtue of an easement. Mr. Parish disagreed and told Mr. Gann that the easement was only for ingress and egress.

On April 7, 2015, Mr. Parish filed a complaint for trespass against Smith Utility District and Mr. Gann seeking damages and injunctive relief. The complaint claimed that Smith Utility District and Mr. Gann "[d]uring the months of August, September, and October of 2013, . . . entered onto the property . . . by physically driving heavy construction equipment on the property and . . . excavating to install a water line." Mr. Parish also argued that Smith Utility District and Mr. Gann "continue to enter onto the property . . . on a periodic time schedule."

Smith Utility District and Mr. Gann moved to dismiss Mr. Parish's complaint for failure to state a claim upon which relief could be granted. *See* Tenn. R. Civ. P. 12.02(6). They argued that they were immune from suit under the Governmental Tort Liability Act ("GTLA") and that Mr. Parish's claims were barred by the statute of limitations.

Based on the motion, the Circuit Court for Smith County, Tennessee, dismissed Mr. Parish's claims with prejudice. The court concluded that the GTLA applied to

Mr. Parish's action and that Smith Utility District and Mr. Gann were immune from suit to the extent Mr. Parish sought monetary damages for intentional trespass. *See* Tenn. Code Ann. § 29-20-205(2) (2012) ("Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act . . . except if the injury arises out of . . . intentional trespass . . . ."). As for his request for injunctive relief, the court concluded that the claim was subject to the 12-month statute of limitations under the GTLA, Tenn. Code Ann. § 29-20-305(b) (2012), as well as the 12-month statute of limitations applicable to inverse condemnation actions, Tenn. Code Ann. § 29-16-124 (2012).[1] Reasoning that Mr. Parish's cause of action accrued "on or about August 26, 2013," the date he claimed he first became aware of the alleged trespass, the court found that the action was not timely filed.

## II.

A statute of limitations defense is appropriately addressed in a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *See Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003). A Rule 12.02(6) motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Thus, "[t]he resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id.*

We "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). The complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). Making such a determination presents a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

### A.

Here the trial court determined that the GTLA's one-year statute of limitations applied to Mr. Parish's cause of action or, alternatively, that the one-year statute of limitations applicable to inverse condemnation applied. To determine the applicable

---

[1] In 2015, the Legislature amended Tennessee Code Annotated § 29-16-124. The statute as amended took effect on July 1, 2015. 2015 Tenn. Pub. Acts 643 (Vol. I, ch. 275). Our analysis, like that of the trial court, is based upon the version of the statue in effect prior to the 2015 amendments.

statute of limitations, first "a court must ascertain the 'gravamen of the complaint.'"[2] *Benz-Elliott v. Barrett Enters, LP*, 456 S.W.3d 140, 147 (Tenn. 2015) (quoting *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006)). The gravamen of the complaint is "the 'substantial point,' the 'real purpose,' or the 'object'" of an action. *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 457 (Tenn. 2012) (quoting *Estate of French v. Stratford House*, 333 S.W.3d 546, 557 (Tenn. 2011), *overruled on other grounds by Ellithorpe v. Weismark*, 479 S.W.3d 818, 820 (Tenn. 2015), *Bland v. Smith*, 277 S.W.2d 377, 379 (Tenn. 1955), and *Bodne v. Austin*, 2 S.W.2d 100, 101 (Tenn. 1928), *overruled on other grounds by Teeters v. Currey*, 518 S.W.2d 512, 517 (Tenn. 1974)). In *Benz-Elliott*, our supreme court set out a two part inquiry for ascertaining the gravamen of a claim:

> [A] court must first consider the legal basis of the claim and then consider the type of injuries for which damages are sought. This analysis is necessarily fact-intensive and requires a careful examination of the allegations of the complaint as to each claim for the types of injuries asserted and damages sought.

*Benz-Elliott*, 456 S.W.3d at 151. In carrying out the inquiry, we are not bound by "[t]he designation given those claims by either the plaintiff or the defendant." *Estate of French*, 333 S.W.3d at 557. Determining the gravamen of a complaint or claim presents a question of law. *Redwing*, 363 S.W.3d at 457.

In his complaint, Mr. Parish asserts that Smith Utility District and Mr. Gann were trespassing on his property. The complaint made no mention of either the GTLA or inverse condemnation. He alleged that Smith Utility District and Mr. Gann entered his property without consent in August, September, and October of 2013 to excavate and install a water line and continue to enter the property "on a periodic time schedule." He further alleged that this continuing trespass would deprive him of his use of the land, would result in a servient easement, and would threaten the good and marketable title to his property. He requested an injunction to prevent Smith Utility District from "keeping and maintaining a water line on the property," a reasonable amount of damages, and punitive damages "to punish the Defendant[s] and discourage them from engaging in this intentional disregard of the Plaintiff's property rights."

We conclude that the gravamen of Mr. Parish's claim is for inverse condemnation.

---

[2] Our supreme court went on to differentiate between a complaint with more than one claim and each individual claim in a complaint. *Benz-Elliott*, 456 S.W.3d at 147-49. In this case, Mr. Parish presents one theory and one claim, trespass.

> "Inverse condemnation" is the popular description for a cause of action brought by a property owner to recover the value of real property that has been taken for public use by a governmental defendant even though no formal condemnation proceedings under the government's power of eminent domain have been instituted. *See Johnson v. City of Greeneville*, 222 Tenn. 260, 435 S.W.2d 476, 478 (1968). A "taking" of real property occurs when a governmental defendant with the power of eminent domain performs an authorized action that "destroys, interrupts, or interferes with the common and necessary use of real property of another." *Pleasant View Util. Dist. v. Vradenburg*, 545 S.W.2d 733, 735 (Tenn. 1977).

*Edwards v. Hallsdale-Powell Util. Dist. Knox Cty., Tenn.*, 115 S.W.3d 461, 464-65 (Tenn. 2003). When a governmental entity does not initiate taking proceedings, the owner of the land that has been possessed by the governmental entity may sue for damages. *See* Tenn. Code Ann. § 29-16-123 (2012).

An action for inverse condemnation must be brought "within twelve (12) months after the land has been actually taken possession of, and the work of the proposed internal improvement begun . . . ." Tenn. Code Ann. § 29-16-124. In his complaint, Mr. Parish states that he requested that work on his property cease on August 26, 2013. He did not file his complaint until April 7, 2015. Using the date referenced in his complaint, Mr. Parish clearly filed his action outside of the one year statute of limitations set out in Tennessee Code Annotated § 29-16-124. Thus, his action was time barred.

B.

While conceding his claim arising from the initial instance of trespass may be time barred, Mr. Parish argues that "every time Smith Utility District sends a person, without permission or consent, onto the property of Mr. Parish, a new cause of action accrued for purposes of the one-year statute of limitations." As he points out, where there is a recurrent cause of action, "a distinct right of action arises with each wrongful act." *Cincinnati, N.O. & T.P. Ry. Co. v. Roddy*, 179 S.W. 143, 143 (Tenn. 1915).

In our view, the complaint here fails to adequately allege a recurrent cause of action for trespass. According to Mr. Parish's complaint the trespasses deprived him of the exclusive use of his property by "uprooting the . . . ground and digging large trenches on his property." The complaint also makes specific reference to an easement that permits ingress and egress where the water line was constructed. Based on these allegations, Mr. Parish has described an injury that was permanent in character or nature. In such circumstances, for both present and prospective damages, the cause of action accrued at the time of installation of the water line. *See Robertson v. Cincinnati,*

5

*N. O. & T. P. Ry. Co.*, 339 S.W.2d 6, 9 (Tenn. 1960) (citing 34 Am Jur. *Limitation of Actions* § 131 (19__)).

## III.

Because Mr. Parish's claim was barred by the applicable statute of limitation, we affirm the dismissal of his complaint.

_____
W. NEAL MCBRAYER, JUDGE